### Josiah M. Clokey v. The Loan & Homestead Association.

1. EXECUTION—*when proof of, should be made in foreclosure proceeding.* Where a bill to foreclose alleges the execution of a bond, mortgage, etc., and the answer denies the same, it is material that proof of such allegations be made, and where the abstract of the record fails to show that the mortgage was acknowledged, the Appellate Court will not search the record to ascertain the fact with respect thereto.

2. PRACTICE ACT—*section 33 construed.* This section of the Practice Act, providing in substance that no person shall be permitted to deny upon the trial, the execution of any instrument in writing, upon any "action" which may have been brought thereon, unless the person denying the same shall verify his plea by affidavit, does not apply to suits in chancery.

Clokey v. Loan & Homestead Association.

Bill to foreclose. Appeal from the Circuit Court of Macon County; the Hon. W. G. Cochran, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

Hugh Crea and Hugh M. Housum, for appellant.

Redmon & Hogan and Nelson & Whitley, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is a bill in chancery by appellee to foreclose a mortgage upon a lot in the city of Decatur, executed by one Myra Meisenhelter and her husband, to which the mortgagors and appellant, Josiah M. Clokey, the owner of the equity of redemption, were made parties defendant.

The bill alleges that appellee was a corporation organized and doing business under and by virtue of a certain law of the State of Illlnois, entitled, "An act to enable associations of persons to become bodies corporate, to raise funds to be loaned to members of such associations," in force July 1, 1879, and various acts amendatory thereto; that by reason of said incorporation under the said acts, the association had power to issue shares of stock of the par value of $100 each, and to make subscriptions to stock payable in such periodical installments and at such time or times as might be determined by the charter and by-laws; that defendant, Myra Meisenhelter, became a subscriber to eight shares of said association upon which she borrowed the sum of $800 under the by-laws of the association; that she entered into an obligation in writing, as an evidence of such indebtedness, in and by which she bound herself to pay $4 monthly as dues upon the said shares of stock, $4 monthly as interest at the rate of 6 per cent. per annum upon said loan, and also the sum of $2.40 monthly, being the monthly installment of the premium upon said loan; all of which were to be paid each and every month until the loan, with interest, should have been liquidated under the charter and by-laws of said association; that the obligation contained a provision as to default, and that at the option

of the association the principal sum might be declared due and payment enforced and recovered at once; that the shares of stock were assigned and transferred to the association as collateral security for the loan, and that the said assignment contained provisions as to a forfeiture of the stock in case of default in the payment of interest and dues on the stock; that further to secure the payment of said loan, said Myra Meisenhelter and her husband executed a mortgage described therein, which contained provisions as to default in any of the payments; that there was a default in the payments due January 2, 1897, which continued for a period upward of six months, and that the association had exercised its option to declare the whole amount of principal and interest to be due.

A joint and separate answer was filed in behalf of all the defendants, denying *inter alia* that a loan was made or that a bond or obligation was given or a mortgage executed; that there was anything due complainant as claimed, or that any default had been made in any payments alleged to be covered by said alleged obligation, and calling for strict proofs as to all matters set forth in the bill.

The cause was referred to the master, who reported adversely to the defendants upon all issues raised by their answer, and further that complainant was entitled to a foreclosure of the mortgage. The chancellor, upon the hearing of exceptions to the master's report, overruled the same and entered a decree of foreclosure. The defendant Clokey appeals to this court.

The allegations of the bill as to the assignment of the stock and the execution of the bond and mortgage securing the same, were material, and having been expressly denied by the answer, should have been proved. No proof of the execution of the mortgage appears from the abstract to have been offered. Had its execution been duly acknowledged as required by law, it could have, under the statute, been introduced in evidence without further proof thereof. Revised Statutes 1903, page 442. The abstract of the record, however, fails to show that it was so duly acknowl-

edged, and it is not our duty nor are .we inclined to search the record to learn the facts relative thereto.

Although the mortgage was considered by both the master and the chancellor, it does not appear from the abstract that it was either offered or admitted in evidence.

Furthermore there is no sufficient proof in the abstract as to the execution of the bond or assignment of stock. The witness McGorry, testified that he believed that the signatures thereto were those of Myra Meisenhelter. It was not shown either that he saw her sign the papers, or that he had had any opportunity to become acquainted with her signature, or that in fact he was acquainted with it. No other proof as to the execution of the bond or assignment was made, and they were admitted in evidence over the objection of appellant. Section 33 of the Practice Act, invoked by appellee and which provides that no person shall be permitted to deny on trial the execution of any instrument in writing, upon any "action" which may have been brought, unless the person denying the same shall verify his plea by affidavit, applies only to actions at law and not to suits in chancery. The term "action" is never properly applied to a suit in equity. Mahar v. O'Hara, 4 Gilm. 429. The objection that the evidence failed to establish the execution of the bond and mortgage and the assignment of the stock and that the same were improperly in evidence and considered by the master, was preserved by proper exceptions to the master's report and the chancellor erred in overruling the same. For this reason the decree must be reversed and the cause remanded. We will not, therefore, consider or discuss the other errors assigned, further than to say that even were the note, assignment of stock and mortgage properly in evidence, the absence from the record of both the charter and by-laws of appellee would render it impossible to determine the questions raised as to whether the premium attempted to be enforced was authorized thereby, or whether a right of forfeiture and foreclosure had accrued under the provisions of the by-laws.

*Reversed and remanded.*